☐ORIGINAL

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**08 CIV. 4430**

-------------------------------------------------------

**LAUREN CITRON, PPA GAIL CITRON**

No.:_____

Plaintiff,

**JUDGE KARAS**

-vs-

**COMPLAINT**

**JOSIE DELI, INC., ROSALINA**
**MARKET, INC., and CARLOS AVILES**

**Jury Trial Demanded**

Defendants

-------------------------------------------------------

Plaintiff, LAUREN CITRON, ppa GAIL CITRON, by and through their

attorneys, STRATTON FAXON, sue defendants, ROSALINA MARKET, INC.,

JOSIE DELI GROCERY, INC., and CARLOS AVILES for damages resulting from

the illegal sale of liquor resulting in a motor vehicle accident, and respectfully

allege in support thereof as follows:

**JURISDICTIONAL STATEMENT**

The Plaintiff, LAUREN CITRON, is a resident of the State of Connecticut.

The Defendants, ROSALINA MARKET, INC., JOSIE DELI, INC., and CARLOS

AVILES (hereinafter collectively "LIQUOR DEFENDANTS") are residents or

operate in the State of New York. Jurisdiction is based on diversity of citizenship,

pursuant to 28 U.S.C. § 1332(a)(1), and the amount in controversy exceeds

$75,000. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391.

1

**COUNT ONE:**    **A FIRST CLAIM FOR DRAM SHOP LIABILITY UNDER GENERAL OBLIGATIONS LAW §§ 11-100 AND 11-101 AGAINST THE DEFENDANTS**

1.  At all times the "LIQUOR DEFENDANTS", were purveyors of alcoholic beverages doing business in the State of New York.

2.  At all times herein relevant, the defendant, CARLOS AVILES was the owner/permittee of the establishment at 167 Irving Avenue, Port Chester, New York.

3.  On November 11, 2006, the plaintiff Lauren Citron, was a passenger in a vehicle traveling on Old Field Road in Greenwich, Connecticut.

4.  At the same time and place, Justin Ruvo, the intoxicated driver of a 1998 Ford SUV, lost control of his vehicle and traveled across the center line into the path of the plaintiff's vehicle, thereby resulting in injuries, losses and damages to the plaintiff as set forth below.

5.  On information and belief, on November 11, 2006 and shortly before the collision, Justin Ruvo was sold alcoholic beverages by the "LIQUOR DEFENDANTS", their agents, servants and/or employees while he was underage and/or intoxicated.

6.  As a result of the collision, caused, in part, by Ruvo's consumption of liquor, the plaintiff, Lauren Citron, suffered the following injuries:

    a)    Severe trauma and damage to the head and body;

    b)    Prolonged coma;

    c)    Brain injury; and

d)     Shock and stress to her entire nervous system.

7.     As a result of suffering the injuries, plaintiff has incurred and will continue to incur expenses for hospital/medical care and treatment, physical therapy, x-rays and other diagnostic imaging procedures, surgical appliances and prescription drugs; all to her financial loss.

8.     As an additional result of suffering the injuries, plaintiff may be caused to lose time and wages and will continue to lose time and wages from her regular employment; all to her financial loss.

9.     Finally, as a result of having sustained the injuries, plaintiff has been caused to suffer and will continue to suffer an overall physical discomfort and disability which imposes severe limitations on her ability to carry on and enjoy all of life's other activities.

10.    The "LIQUOR DEFENDANTS" are liable to the plaintiff for damages pursuant to General Obligations Law §§ 11-100 and 11-101.

**COUNT TWO:     A SECOND CLAIM FOR PERSONAL INJURIES BASED ON NEGLIGENCE, GROSS NEGLIGENCE AND/OR RECKLESSNESS**

1-5.   The plaintiff repeats, reiterates and realleges each and every allegation set forth in the paragraphs of this complaint designated 1 through 5 with the same force and effect as though fully set forth at length herein.

6.     The collision and resultant injuries were the direct and proximate result of the negligence, gross negligence, and/or recklessness of the "LIQUOR DEFENDANTS", in that they violated General Obligations Law § 11-100,

3

§ 11-101 and the common law by providing alcoholic beverages to an individual under the age of twenty-one years.

7.   The tortious activities described above were a substantial factor in causing the plaintiff to suffer the following serious and painful personal injuries, part or all of which may be permanent in nature:

a)      Severe trauma and damage to the head and body;

b)      Prolonged coma;

c)      Brain injury; and

d)      Shock and stress to her entire nervous system.

8.   As a result of suffering the injuries, plaintiff has incurred and will continue to incur expenses for hospital/medical care and treatment, physical therapy, x-rays and other diagnostic imaging procedures, surgical appliances and prescription drugs; all to her financial loss.

9.   As an additional result of suffering the injuries, plaintiff may be caused to lose time and wages and will continue to lose time and wages from her regular employment; all to her financial loss.

10.   Finally, as a result of having sustained the injuries, plaintiff has been caused to suffer and will continue to suffer an overall physical discomfort and disability which imposes severe limitations on her ability to carry on and enjoy all of life's other activities.

4

For general and compensatory damages in a collective sum in the amount of ONE HUNDRED MILLION ($100,000,000.00) Dollars and punitive damages in the amount of ONE HUNDRED MILLION ($100,000,000.00) Dollars, and in addition, for reasonable attorneys' fees incurred herein; for costs of suit incurred herein; and for such other and further relief as the Court may deem just and proper.

## JURY DEMAND

The plaintiff demands a trial by jury on all claims.

Dated:       May 6 2008
             New Haven, Connecticut

                              Respectfully submitted,

                              STRATTON FAXON

                              By_____
                              Joel T. Faxon  (jf1611)
                              Stratton Faxon
                              59 Elm Street
                              New Haven, CT  06510
                              jfaxon@strattonfaxon.com
                              t: (203) 624-9500
                              f: (203)624-9100

5